# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LARRY HARTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-1066-WEB |
| | ) |
| MICHAEL JOHANNS, Secretary of the | ) |
| United States Department of Agriculture, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Now before the Court is Defendant's motion to dismiss or in the alternative for summary judgment.[1] (Doc. 15). The Court has jurisdiction over this case pursuant to 28 U.S.C. §1331. Plaintiff has alleged violations of the Equal Credit Opportunity Act (ECOA). 15 U.S.C. § 1691. Plaintiff alleges Defendant failed to notify him within thirty days after receipt of a completed application for credit in violation of 15 U.S.C. § 1691(d). Defendant brings this motion to dismiss alleging Plaintiff's ECOA claim is time barred or in the alternative a motion for partial summary judgment because the ECOA does not apply. 15 U.S.C. § 1691e(f). The Court will evaluate this as a motion to dismiss under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6).

## I. STANDARD

A dismissal for failure to state a claim under which relief is appropriate only when it is apparent that

---

[1] The parties are reminded to adhere to the Court's standing order by providing paper copies of motions to the Chambers. See http://www.ksd.uscourts.gov/chambers/index.php

a plaintiff can prove no set of facts which would entitle him to relief. *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). In evaluating whether a dismissal under Rule 12(b)(6) is appropriate, "all well-pleaded factual allegations in the [] complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Sutton v. Utah State Sch. for Deaf and Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999). "A 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*.

## II.  FACTUAL ALLEGATIONS.

1. On or about March 8, 1999, Plaintiff submitted required documentation and a request for loan assistance and restructure of his loans.

2. On April 1, 1999, the agency files verified that the plaintiff's application for loan assistance was complete.

3. In a letter dated September 10, 1999, almost six months after the loan assistance had been requested, the agency advised Plaintiff that the request for loan assistance was being denied because of an insufficient cash flow based on the plan that was prepared by the agency.

## III.  ANALYSIS

Section 1691(d) states:

> Within thirty days...after receipt of a completed application for credit, a creditor shall notify the applicant of its action on the application.

15 U.S.C. § 1691(d).

The application for a loan was completed on April 1, 1999. Defendant notified Plaintiff that the application was denied after the thirty day deadline on September 10, 1999. Accepting Plaintiff's alleged facts as true, there would be a violation of the ECOA. Moreover, Congress has provided for civil liability for violations of the ECOA.

> (a) Any creditor who fails to comply with any requirement imposed under this subchapter [Subchapter IV Equal Credit Opportunity] shall be liable to the aggrieved applicant for any actual damages sustained by such applicant...

15 U.S.C. § 1691e(a)

However, Congress has also provided for a time period during which a litigant must bring an action under the ECOA.

> (f) Any action under this section may be brought in the appropriate United States district court without regard to the amount in controversy...No such action shall be brought later than two years from the date of the occurrence of the violation...

15 U.S.C. § 1691e(f).

A violation of section 1691(d) would have accrued, at the earliest, thirty days after April 1, 1999 or at the latest by September 10, 1999, when notice was given. Hence, the two year period of limitations in section 1691e(f) began to run in 1999 and expired in 2001. Plaintiff filed his ECOA claim on March 8, 2005, well after the expiration of the period of limitations.

Plaintiff argues that the Court should apply the six year statute of limitations under 28 U.S.C. § 2401(a). Section 2401 states:

> (a) Except as provided by the Contract Disputes Act of 1978, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues...

28 U.S.C. § 2401(a).

Plaintiff states that section 2401 is more appropriate because: 1) the language indicates that it must be used except in certain cases; 2) the statute does not include language allowing for other periods of limitations; 3) the ECOA is an act that applies generally to creditors whereas section 2401 applies specifically to the United States; and 4) using section 2401 is consistent with the interpretation of the Rules of Civil Procedure.

Plaintiff's first two arguments are without merit because Congress has provided for other statutes of limitations to be used with specific acts. *See Gordon v. United States*, 649 F.2d 837, 844 (Ct. Cl. 1981) (statute of limitations in the Internal Revenue Code to be used for tax actions instead of the six year period in section 2401(a)). Moreover, the legislative history clearly shows an intent to use the two year period of limitations for actions brought under the ECOA. "The Committee also recommends a change in the statue of limitations applicable to actions brought under this [ECOA]. The present one-year limitations is, we believe, too short a period of time...[t]he Committee therefore recommends that the statute of limitations be extended to two years." Comm. on Banking, Housing and Urban Affairs, Equal credit Opportunity Act Amendments of 1976, S. Rep. No. 94-589, at 14 (1976), Pub. L. 94-239, *reprinted in* 1976 U.S.C.C.A.N. (Vol. 2) 416 (codified at 15 U.S.C. 1691e(f)).

Plaintiff's third argument is without merit as courts have generally agreed that section 2401 is a general statute of limitations to be applied only in the absence of a statute of limitations that is "more specifically geared to the claim brought." *Jones v. Frank,* 819 F. Supp. 923, 925 (D. Colo. 1993) (citations omitted). Because there is a specific period of limitations in the ECOA, it would be inappropriate to apply section 2401(a). *see United States v. Rodriguez-Aguirre,* 264 F.3d 1195, 1210 (10th Cir. 2001) (section 2401(a) is a catch-all provision; it establishes a general limitations period for civil lawsuits

against the United States not otherwise covered by a more specific limitations period); *see Finkelstein v. U.S.,* 943 F. Supp. 425, 431 (D.N.J. 1996) (a specific statute of limitations for actions against the United States will prevail over the general limitations requirement of section 2401(a)).

Plaintiff finally argues that use of section 2401 would be consistent with language in the Rules of Civil Procedure. Specifically, Plaintiff argues that section 2401 is a statute that applies only to the United States, which is similar to certain Rules of Civil Procedure that have special provisions for the United States. See Fed. R. Civ. P. 12(a). The relationship between isolated provisions in the Rules of Civil Procedure and section 2401 is irrelevant. Given the clear legislative history, the placement of a specific period of limitations within the ECOA, and the general nature of section 2401, the Court finds that section 1691e(f) applies. Consequently, Plaintiff's ECOA claim is time barred. Because the Court has found the statue of limitations to have run, the Court declines to address these issues raised in Defendant's motion for partial summary judgment as they are moot.

IT IS THEREFORE ORDERED that Defendant's motion to dismiss Plaintiff's ECOA claim (Doc. 15) be GRANTED in accordance with the above provisions;

SO ORDERED this 17th day of April, 2006.

    s/ Wesley E. Brown

Wesley E. Brown, U.S. Senior District Judge