**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

LARRY HARTS,                                    )
                                                )
      Plaintiff,                            )
                                                )
v.                                              )       Case No. 05-1066-WEB
                                                )
MICHAEL JOHANNS, Secretary of the               )
United States Department of Agriculture,        )
                                                )
      Defendant.                            )

## MEMORANDUM AND ORDER

Now before the Court is Plaintiff's motion to review a final action by the Farm Service Agency ("FSA"). (Doc. 9); D. Kan. 83.7. The Court takes jurisdiction over this appeal from the FSA's decision under 28 U.S.C. § 1331 for review under the Administrative Procedures Act ("APA"). 5 U.S.C. §§ 701-706; 7 U.S.C. § 6999.

## I.  FACTS.

1.  On or about May 15, 1989, Plaintiff entered into a Shared Appreciation Agreement ("SAA") with the FSA. (R. at 7-8). Under the terms of the agreement, the FSA agreed to reduce Plaintiff's debt in exchange for fifty percent of the appreciation of their land value over the subsequent ten years. (Id.).

2.  On or about December 16, 1998, Rick Carlile appraised Plaintiff's land, pursuant to an FSA request, to determine the amount of shared appreciation that would be recaptured pursuant to the 1989 SAA. (R. at 206-207).

3.  During the appraisal, Plaintiff allegedly pointed out alleged failures in the irrigation system which

were not incorporated into the appraisal.  (R. at 171, 203-204, 215).

     4.  On January 11, 1999, Plaintiff went to the FSA office, saw the appraisal, and objected to it. (R. at 69, 130, 171, 218, 266, 307-308, 333-334, 336-338).  Plaintiff called the FSA on January 27, 1999 and February 2, 1999 to dispute the appraisal.  (R. at 177, 218, 266, 334, 343, 352).  Prompted by Plaintiff's phone call, the FSA sent a letter showing the appraisal and amount of shared equity to be recaptured as well as methods to dispute this determination.  (R. at 9-13, 228, 331-332, 335, 352-353). While this letter was sent on February 3, 1999, it was dated January 12, 1999.  (Id.).  Plaintiff received this letter on February 5, 1999.  (Id.).

     5.  On March 8, 1999, Plaintiff went to the FSA office and requested a meeting to appeal the appraisal.  (R. at 171, 203, 218, 266, 334-335).  He was told by an FSA agent that he was too late.  (R. at 171, 180, 203, 218, 266, 337).  There is no record of any request for a meeting or appeal between February 3, 1999 and March 7, 1999.  (R. at 341, 342-343).

     6.  Plaintiff then entered into three agreements in 1999, 2000, and 2001 which each suspended the payment of the recapture amount for one year.  (R. at 15, 211, 324).   On October 28, 2003 the FSA sent Plaintiff a notice of debt acceleration as Plaintiff had yet to pay the recapture amount.  (R. at 80-83).

     7.  Plaintiff appealed to the National Appeals Division ("NAD") in January 2004 and an evidentiary hearing was held on May 7, 2004.  (R. at 140, 145-167, 250-253).  The Hearing Officer specifically held that Plaintiff was not entitled to appeal the 1998 appraisal.  (R. at 252).  This decision was affirmed by the Director on August 17, 2004.  (R. at 245-249).

## II.  GOVERNING LAW.

Because a review of agency action is treated as an appeal, the Court will avail itself to the Rules of Appellate Procedure. *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1580 (10th Cir. 1994); Fed. R. App. P. 15. The substantive rules of review however, are set forth in the Administrative Procedures Act ("APA"). 5 U.S.C. §§ 701-706. Under the APA, a court shall set aside an agency decision if it is:

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
(B) contrary to constitutional right, power, privilege, or immunity;
(C) in excess of statutory jurisdiction authority, or limitations, or short of statutory right;
(D) without observance of procedure required by law;
(E) unsupported by substantial evidence...
(F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

§ 706(2).

The Tenth Circuit has held that the essential function of a judicial review is to determine: 1) whether the agency acted within the scope of its authority; 2) whether the agency complied with prescribed procedures, and 3) whether the action is otherwise arbitrary, capricious, or an abuse of discretion. *Olenhouse*, 42 F.3d at 1574 (citations omitted).

To determine if an agency acted outside the scope of its authority, a court must analyze an agency's authority and discretion and determine if the facts show the agency's action to reasonably be within that range. *Id.* To determine whether the agency complied with prescribed procedures "requires a plenary review of the record and consideration of applicable law." *Id.*

An agency decision is arbitrary or capricious if the agency: 1) relied on factors which Congress had not intended it to consider; 2) entirely failed to consider an important aspect of the problem; 3) offered an explanation for its decision that runs counter to the evidence before the agency or is so implausible that it

3

could not be ascribed to a difference in view or the product of agency expertise.  *Id.* (quoting *Motor Vehicles Mfrs. Ass'n v. State Farm Mut. Auto. Inc. Co.*, 463 U.S. 29, 43 (1983)).  "In addition to requiring a reasoned basis for agency action, the arbitrary or capricious standard requires an agency's action to be supported by the facts in the record."  *Id.* at 1575.  (internal quotations omitted).  Agency action will be set aside if it is not supported by substantial evidence.  *Id.*  "Evidence is substantial in the APA sense, if it is enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion to be drawn is one of fact."  *Id.* (internal quotations and citations omitted).

The arbitrary and capricious standard focuses on the rationality of the agency's decision-making process rather than on the rationality of the actual decision; moreover, it is well-established that if an agency's decision is upheld, it must be on the basis articulated by the agency.  *Id.*  "The agency must make plain its course of inquiry, its analysis and its reasoning."  *Id.*

The Court notes that the rule of prejudicial error applies during any review of agency action.  5 U.S.C. § 706; see *All Indian Pueblo Council v. United States,* 975 F.2d 1437, 1443 (10th Cir. 1992) (applying harmless error standard to judicial review of administrative proceedings).  "Even where an agency fails to comply strictly with its requirements, the administrative determinations made will not be set aside in the absence of prejudice to the plaintiff."  *Lewis v. Glickman*, 104 F. Supp. 2d 1311, 1324 (D. Kan. 2000).  The burden of showing prejudice is on the party claiming injury from the ruling.  *Id.*  Prejudicial error is found when plaintiff shows that the outcome of the case would have been different absent the error.  *Id.*


III.  ANALYSIS.

A.  Constitutional claims and Declaratory relief.

Constitutional issues and declaratory relief are within the scope of judicial review under the APA. See 5 U.S.C. § § 702-703, 706(2)(B).  In his complaint, Plaintiff requests declaratory relief and relief based on violations of his due process rights; however, these issues must be raised and supported in Plaintiff's brief.  Fed. R. App. P. 28(a)(9)(A) (appellant's brief must contain contentions, reasons, authorities and parts of the record relied upon); D. Kan. R. 7.6 (all briefs shall include a statement of questions as well as all arguments and authorities relied upon); D. Kan. 83.7(d) (stating that briefs for judicial review of agency action shall comply with local rule 7.6).

Plaintiff's brief does not mention anything about due process rights or declaratory relief.  Even when Defendant raised the absence of such arguments, Plaintiff's reply remained silent on these issues.  "Issues not raised in the opening brief are deemed abandoned or waived."  *Coleman v. B-G Maint. Mgmt. of Colo., Inc.*, 108 F.3d 1199, 1205 (10th Cir. 1997).  Accordingly, the Court declines to address Plaintiff's due process argument and request for declaratory relief as they are deemed waived.  *See Phillips v. Calhoun,* 956 F.2d 949, 953-954 (10th Cir. 1992) (a litigant who fails to press a point by supporting it with pertinent authority or by showing why it is sound despite a lack of authority forfeits the point).


B.  Exhaustion.

Defendant argues that relief is not possible because Plaintiff has failed to exhaust administrative remedies.  Curiously, Plaintiff chose not to address this argument.

Under 7 U.S.C. § 6912(e), "a person shall exhaust all administrative appeal procedures established by the Secretary or required by law before the person may bring an action in a court of competent

jurisdiction against, (1) the Secretary; (2) the Department; or (3) an agency, office, officer, or employee of the Department." Id.   A Director's review constitutes a final determination and it is reviewable and enforceable by any United States District Court.  7 U.S.C. § 6998(b) and § 6999.

Both the Hearing Officer and the Director addressed Plaintiff's contention that he is entitled to appeal the appraisal and recapture amount.  The Director adopted the Hearing Officer's findings of fact and held that Plaintiff's appeal of the 1998 appraisal was untimely.  Therefore, Plaintiff did exhaust his administrative remedies prior to filing this lawsuit, because it was addressed at the agency's highest level. *Cf. Bentley v. Glickman*, 234 B.R. 12, 13 (N.D.N.Y. 1999) (agency did not address nor did plaintiff raise substitution issue; hence, it was unexhausted).  Consequently, Defendant's motion to dismiss for failure to exhaust is denied.


C.  Non-compliance with Statutory and Regulatory Requirements.

The FSA denied Plaintiff's request to appeal the appraisal and recapture amount because he was too late.  In arguments of less than ideal clarity, Plaintiff claims this finding violated the APA because the FSA: 1) acted outside the scope of its authority; 2) did not comply with prescribed procedures; and 3) acted in arbitrary and capricious manner because the FSA did not consider misleading statements made to Plaintiff.

Plaintiff states the letter sent on February 3, 1999 and received February 5, 1999 incorrectly cites the time allowed by statute to appeal to the NAD.  The statute gives Plaintiff 30 days *from the date he received notice* of the adverse decision to request a hearing from the NAD.  7 U.S.C § 6996(b).  The letter incorrectly informed Plaintiff that he had 30 days *from the date of the letter* to appeal the recapture

amount and appraisal to the NAD.  This difference is important because using the date the letter was sent, the time for appeal expired on Friday March 5, 1999; however, using the date Plaintiff received the letter, it expired on Monday March 8, 1999.  See 7 C.F.R. § 11.14(b) (if the final day of the time period falls on a weekend the time for filing is extended to the next working day).

Plaintiff argues that he relied on these incorrect dates in the letter and did not file a written appeal to the NAD.  While the FSA did not directly address this argument, the Court finds that Plaintiff suffered no prejudice from the incorrect dates.  Had Plaintiff relied on the letter, we would not be in this position today as an appeal to the NAD taken in accordance with the dates in the letter would have also been timely under the statute.  Consequently, the incorrect information in the letter was not the cause of Plaintiff's untimely appeal to the NAD regarding this issue; rather, it was a harmless error.

Plaintiff next argues that he did not timely appeal because although he requested an appeal on March 8, 1999, he was misinformed by an FSA worker that he was too late.  Plaintiff claims he detrimentally relied on this misleading statement because his appellate rights to the NAD were still available on March 8, 1999.  This issue was raised to the agency; however, neither the Hearing Officer nor the Director addressed it.  (R. at 337).

While the Court recognizes reliance on a Government agent's misleading statement ordinarily will not estop the Government, the Court also recognizes the agency's discretionary power to consider untimely appeals under certain circumstances.  *See Heckler v. Commty. Health Servs. of Crawford County*, 467 U.S. 51 (1984)*; Office of Pers. Management v. Richmond*, 496 U.S. 414, 421 (1990); see 7 C.F.R. § 780.8(b).  It is not within the Court's purview to decide the outcome of a case; rather, it is the Court's responsibility to ensure the agency adheres to the appropriate decision making process.  *See Olenhouse,*

42 F.3d at 1574.  The issue of misleading statements on March 8, 1999 is an important aspect of Plaintiff's untimely appeal that the agency must consider in its decision.  The Court finds the agency's decision to be arbitrary and capricious as it failed to address misleading statements made to Plaintiff on the final day of his appellate rights.  *Id.* (agency decision will be set aside if it entirely failed to consider an important aspect of the problem).

Plaintiff next claims the February 3, 1999 letter misstated the regulations permitting a meeting with local FSA officials to dispute the appraisal.

The regulations state:

A participant must seek an informal review of an adverse decision issued at the field service office level by an officer or employee of FSA...The procedures for requesting such an informal review before FSA are found in 7 CFR part 780.

7 C.F.R. § 11.5(a).

Section 780 states:

*A request for reconsideration or an appeal of a decision shall be filed within 30 days after written notice of the decision which is the subject of the request is mailed* or otherwise made available to the participant.

7 C.F.R. § 780.8(a) (emphasis added).

The letter stated Plaintiff may call or write to the county office to request a meeting with the FSA office within 30 calendar days of the date of the letter.  (R. at 11).  Presumably the date on the letter was supposed to reflect when the letter was sent; however, in this case it did not.  The letter was dated January 12, 1999 instead of February 3, 1999 when it was actually sent.  According to the letter's dates, Plaintiff's time for requesting a meeting expired on February 11, 1999 instead of March 5, 1999.  However, Plaintiff suffered no prejudice because had he actually relied on the erroneous dates in the letter to request a

meeting, his request would have been timely under the regulations.  Consequently, the FSA's letter, while carelessly written, is not basis on which to reverse the agency's final decision.

Plaintiff also claims his request for a meeting on March 8, 1999 was timely.  This argument is at odds with the plain language of the regulation.  § 780.8(a).  The use of the disjunctive "or" in the regulation shows the clock begins to run upon the satisfaction of either the mailing of the letter or when it is otherwise available.  Consequently, the clock began to run in Plaintiff's case when the letter was mailed.  Thirty days from February 3, 1999 is March 5, 1999; hence, Plaintiff's request for a meeting on March 8, 1999 was appropriately denied by the FSA as untimely.

Consequently, the FSA did not act outside the scope of its authority or violate prescribed procedures by denying Plaintiff's request for a meeting to appeal the appraisal.  Indeed, this conclusion is squarely in line with the FSA's final determination that Plaintiff's appeal attempts were untimely.  The Court finds that this decision was not arbitrary or capricious because it is supported by substantial evidence.  There is ample support in the record showing the date the letter was mailed and when Plaintiff went to the FSA office to request a meeting.

In an unpersuasive two sentence argument, Plaintiff claims the FSA never provided him with rights to appeal a meeting as promised in the February 3, 1999 letter.  Plaintiff fails to include any citation to regulations or statutes; moreover, the Court fails to see the basis of Plaintiff's argument.  Assuming the FSA had a duty to notify Plaintiff of his appellate rights following an unsuccessful meeting, the record is replete with facts showing that no meeting regarding the appraisal and recapture amount ever occurred because the request was untimely.  Indeed, this fact is the basis of Plaintiff's other arguments.  Plaintiff suffered no

prejudice as no meeting ever occurred; hence, notification of appellate rights was not triggered.[1]

D.  Factual Errors.

Plaintiff asserts that the agency decision must be reversed because the final decision misstates two facts.  The Director's review found that Plaintiff received notice on January 12, 1999 of methods to appeal the recapture amount and appraisal.  Plaintiff states this is inconsistent with the record and the Hearing Officers' finding that Plaintiff received notice on February 5, 1999.  (R. at 10, 249, 251).

The Court agrees that the Director's factual finding is inconsistent with the record and the Hearing Officer's findings of fact.  The timing of the notice begins the thirty day clock for appeals to the NAD.  § 6996(b).  Knowing when these rights expired is an important consideration when deciding how to resolve misleading statement made to Plaintiff on March 8, 1999; consequently, misstating the day of notice is not harmless as advocated by Defendant.  The agency's decision is arbitrary and capricious as substantial evidence does not support the finding that Plaintiff received notice on January 12, 1999.  On remand, the agency will reconsider the date Plaintiff received notice by taking into account the dates in the record.

Plaintiff also argues that the record shows the first suspension agreement was signed sometime after May 19, 1999 but was backdated to reflect May 19, 1999; however, the Director stated Plaintiff in fact signed the suspension agreement on May 19, 1999.  (R. at 247, 249).  Plaintiff clearly states in his brief that he suffered no prejudice as a result of the backdating of the suspension agreement.  (Doc. 14 at 11).  Conversely, the backdating of the suspension agreement actually benefitted Plaintiff as it further delayed

---

[1]  The Court notes there is a statute giving a participant the ability to appeal a determination of non-appealability; however, Plaintiff neither cites this regulation nor includes it in his argument. 7 C.F.R. § 11.6(a) (giving participant 30 days to appeal an FSA determination of non-appealability).

the repayment of the recapture amount. Plaintiff fails to show any prejudicial error from the Director's failure to clarify this fact. The FSA's decision will not be set aside on this ground.

E. Waiver.

Defendant argues that Plaintiff has waived his right to contest the amount of recapture under the SAA. Defendant claims that Plaintiff's signing of the suspension agreements for three consecutive years show Plaintiff's acknowledgment of the recapture amount and receipt of benefits. The FSA did not include waiver as a basis for its decision; hence, the Court will not consider Defendant's argument as it "may not supply a reasoned basis for the agency's action that the agency itself has not given." *Olenhouse*, 42 F.3d at 1575 (quoting *Motor Vehicle Mfrs*., 463 U.S. at 43).

IT IS THEREFORE ORDERED that the agency's decision be REVERSED and REMANDED to the USDA for further proceedings consistent with this opinion.

On remand the USDA shall consider two things: 1). how misleading statements on March 8, 1999 affect Plaintiff's ability to appeal the appraisal and recapture amount and 2) the correct date Plaintiff received notice of the appraisal and recapture amount.

SO ORDERED this 7th day of June, 2006.

 s/ Wesley E. Brown

Wesley E. Brown, U.S. Senior District Judge