**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| LARRY D. HARTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-1066-WEB |
| ) | |
| MICHAEL JOHANNS, Secretary of the ) | |
| United States Department of Agriculture, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Now before the Court is Plaintiff's motion for costs and attorney fees pursuant to 28 U.S.C. § 2412. (Doc. 26); Fed. R. Civ. P. 54(d)(2). Defendant objects and argues that attorney fees are not warranted or in the alternative, if they are warranted, Plaintiff's requested costs and fees are unreasonable. (Doc. 30). Plaintiff filed no reply.

The Equal Access to Justice Act (EAJA) reads as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412 (d)(1)(A).

I. Entitlement to an award of fees and other expenses.

Under the EAJA, the government's position is substantially justified if it is "justified in substance or in the main–that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988). "Whether or not the position of the United States was

substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought". 28 U.S.C. § 2412(d)(1)(B).

"[T]he reasonableness test breaks down into three parts: the government must show that there is a reasonable basis for the facts alleged[;] that there exists a reasonable basis in law for the theory it propounds; and that the facts alleged will reasonably support the legal theory advanced". *Gatson v. Bowen,* 854 F.2d 379, 380 (10th Cir. 1988).

The Government argues it had a reasonable basis in law and the facts reasonably supported its legal theories. The Court disagrees. At the hearing to contest the acceleration of a loan, Plaintiff disputed the results of the 1998 appraisal. The Hearing Officer (HO) heard Plaintiff's arguments. The HO declined to decide the issue on the merits, instead finding Plaintiff's arguments to be untimely. The Deputy Director affirmed the Hearing Officer's conclusion.

"As a general matter, two conditions must be satisfied for agency action to be final: First, the action must mark the consummation of the agency's decisionmaking process...And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear,* 520 U.S. 154, 177-178 (1997) (internal quotations and citations omitted). The Deputy Director's decision was a final decision which concluded Plaintiff's appraisal dispute was untimely; consequently, he was unable to have it decided on the merits. It was a final decision by the agency and is reviewable in this Court. See 7 U.S.C. § § 6998(b) and 6999. The law on exhaustion is clear and the facts as applied to the law show Plaintiff exhausted this issue prior to coming to federal court; consequently, Defendant's position was not reasonable. See *Marcus v. Shalala*, 17 F.3d 1033, 1037 (7th Cir. 1994) (certainty of the law can be a factor when

determining whether the government's position was substantially justifiable).

Defendant also argues its position was substantially justified because the Court agreed with many of its arguments. Among other things the Court found that incorrect information in the letter to Plaintiff was harmless error, Plaintiff's request for a meeting on March 8, 1999 was appropriately denied as untimely, and the statement that the suspension agreement was signed on May 19, 1999 was not prejudicial error. The Court does not find Defendant's position persuasive. While Plaintiff's arguments met with limited success, this does not automatically mean the Government's position was reasonable. See *Olenhouse v. Commodity Credit Corp.*, 922 F. Supp. 489, 493 (D. Kan. 1996) (government's position not substantially justifiable merely because it prevailed in court). Because the Government's position was not substantially justifiable, Plaintiff is entitled to attorney fees.

II.  Calculation of Award.

Plaintiff requests costs in the amount of $250 and $72 for docketing and copying expenses. The Court finds these to be reasonable. *Weakley,* 803 F.2d at 580 (filing fees recoverable under the EAJA). Plaintiff also requests postage fees of $24.40. The Court denies this request. In this Circuit, a prevailing party is not entitled to postage fees under the EAJA. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

Defendant argues the Court should reduce the attorney fees because Plaintiff met with limited success. Plaintiff's complaint contains three causes of action: 1) the agency decision violated Due Process; 2) the agency decision was arbitrary and capricious under the APA; and 3) the agency violated the Equal Credit Opportunity Act (ECOA). Plaintiff's only meritorious claim

was that the agency's decision was arbitrary and capricious. (Doc. 24). The ECOA claim was denied in a motion to dismiss and the Court deemed Plaintiff's Due Process argument to have been abandoned. (Docs. 17, 23, 24). Should the attorney fees be reduced to account for Plaintiff's two failed claims?

"In evaluating whether the lodestar amount should be adjusted when the prevailing party obtained only partial success, the court must consider two questions: (1) whether the claims on which the plaintiff did not prevail were related to those on which [the plaintiff] did prevail; and (2) whether the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1493 (10th Cir. 1994). "Claims are related if they involve a common core of facts or will be based on related legal theories." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).

The complaint shows that the Due Process and the arbitrary and capricious claims rely on the same set of facts. These facts describe the shared appreciation agreement, the appraisal, Plaintiff's unsuccessful attempts to dispute the appraisal, the subsequent suspension agreements, and the acceleration of the amount due under the shared appreciation agreement. The Court finds that Plaintiff's Due Process claim was sufficiently related to his claim under the APA; consequently, the failure of this claim will not result in a reduction of attorney fees. See *Robinson v. City of Edmond*, 160 F.3d 1275, 1283 (10th Cir. 1998) (the failure of some interrelated claims does not preclude full recovery of attorney's fees).

Plaintiff's ECOA claim relies on facts which differ from the other claims. These facts describe Plaintiff's request for a loan and the agency's dilatory processing and denial of this loan. (Docs. 1, 23). Moreover, Plaintiff's ECOA claim relies on a legal theory distinct from his Due

4

Process and APA claims. 15 U.S.C. § 1691; 5 U.S.C. § § 701-706. Because the ECOA claim was unsuccessful and involved different facts and legal theories, the Court will reduce the amount of attorney fees commensurate with time spent on the ECOA claim.

Plaintiff spent time preparing the complaint, which included the ECOA claim.[1] (Doc. 26). The time log reflects the following:

| | | |
|---|---|---|
| 09-25-04 | Met with client | 2.00 hrs |
| 09-30-04 | Research | 2.50 hrs |
| 10-01-04 | t/c with client | 0.75 hrs |
| 11-15-04 | Reviewed client's file copies and documents | 3.25 hrs |
| 11-16-04 | t/c with client | 0.25 hrs |
| 01-25-05 | started drafting complaint | 4.25 hrs |
| 01-31-05 | completed draft | 0.75 hrs |
| 01-31-05 | letter and copy to client | 0.25 hrs |
| 02-08-05 | t/c with client | 0.25 hrs |
| 03-08-05 | finalized brief and filed | 2.75 hrs |
| 03-08-05 | Prepared and sent summons to clerk | 0.50 hrs |
| TOTAL | | 17.5 hrs |

Plaintiff's time log is not sufficiently detailed to show how much of the time spent on the complaint was used to prepare the ECOA claim.[2] To reasonably discern the amount of time spent on the ECOA claim, the Court will divide the total time spent preparing the complaint by the number of claims - three. This number, rounded down, is 5.75. This is the number of hours spent on the ECOA claim; accordingly, the Court will subtract it from the total number of hours to determine the appropriate attorney fees. The total hours claimed by Plaintiff is 35.75. (Doc. 26). Subtracting for

---

[1] Defendant acknowledges and the Court agrees that other entries in the time log reflect work unrelated to the ECOA claim. (Doc. 26).

[2] The court notes Plaintiff failed to file a reply brief to answer this argument and provide further information. See also *United States v. 5,063.17 Acres of Land,* 607 F. Supp. 311, 316-317 (D. Colo. 1985) (providing examples of detailed time logs).

time spent on the ECOA claim, the Court holds that 30 hours is a reasonable amount that accounts for Plaintiff's success in obtaining a remand.  See *Willoughby v. Chater*, 930 F. Supp. 1466, 1469 (D. Utah 1996) (court awarded attorney fees for only half the time spent preparing a motion because plaintiff only prevailed on one of two issues raised).  The Court will use the statutory amount of $125 per hour for the calculation of the award.  § 2412(d)(2)(A)(ii).

IT IS THEREFORE ORDERED that Plaintiff's motion for attorney fees (Doc. 26) be GRANTED in part and DENIED in part.  Plaintiff is awarded $3,750 in attorney fees and $322 in costs.

SO ORDERED this 4th  day of October 2006.

     s/ Wesley E. Brown

     Wesley E. Brown, U.S. Senior District Judge